II KITCHENS, Judge Ad Hoc,
Dissenting.
I agree with the dissent by Judge Brown, and I assign these additional reasons.
In my view, a preliminary injunction should not be issued to prevent any use of Lot 12, the lot in question, as a road, when that alleged use is speculative and has not yet occurred. The evidence before the trial court did not show at the time of trial a use of Lot 12 and easement thereon that would rise to the level of any commercial *793 or business use of Lot 12, in violation of the restriction that “(n)o lot shall be used except for residential purposes.”
A good definition and explanation of the quoted phrase is found in Thompson v. Squibb, 183 So.2d 30 (Fla.D.Ct. of Appeal 2d 1966):
There is no ambiguity in the expression “shall be used for residential purposes only.” As employed in this covenant, the word “only” is synonymous with the word “solely” and is the equivalent of the phrase “and nothing else” .... Property restricted to use for residential purposes, so long as it is in good faith used for such, may be also used to a minor extent for the transaction of some classes of business or other pursuits so long as such is merely casual or unobtrusive and results in no appreciable damage to neighboring property nor inconvenience, annoyance or discomfort to neighboring residents. However, such additional use must be reasonably incidental to residential uses and such an inconsequential breach of the covenant as to be in substantial harmony with the purpose of the parties in making the covenants, and without substantial injury to the neighborhood. (Citation omitted).
The trial court found that, at the time of trial, Mr. and Mrs. Griggs resided on their property outside the subdivision in question, and that Mr. and Mrs. Sullivan, intended to build a residence on their property outside the subdivision. Both intend to gain access to their single-family residences [^through the road and easement on Lot 12. Any other usage of Lot 12 is an inconsequential breach of the restriction, if any at all, and is merely casual and unobtrusive, and such usage has been shown to cause no appreciable damage, inconvenience, annoyance or discomfort for neighboring residents.
The denial of the preliminary injunction will still give appellants the opportunity to schedule a trial seeking issuance of a permanent injunction. At that trial, appellants will have the opportunity to produce further evidence to show that any usages of Lot 12 to which they object are more than inconsequential and cause substantial injury to the neighborhood.
For these reasons, I would affirm the holding of the trial court.